No. 27-1948

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Vo'a" of Olesega]

April 29, 1948

A. A. MORROW, *Chief Justice;* LIUFAU, *District Judge;* and MALEPEAI, *District Judge.*

DECISION

Heard at Fagatogo, American Samoa April 26, 1948.
Tuiofu, counsel for Moa; Mailo, counsel for Faasa.

MORROW, *Chief Justice.*

This is a proceeding to determine the right of succession to the matai name Vo'a of Olesega. Faasa filed an application on March 28, 1946 with the Registrar of Titles to be registered as the Vo'a. On April 17, 1946 Moa filed an objection to the proposed registration and became a candidate for the name. Sec. 926 of the Code prescribes the requirements for eligibility to succeed to a matai title. The evidence shows clearly that each of the two candidates meets all the requirements of this section and is therefore eligible to succeed to a matai title.

Sec. 933 of the Code provides that:

"In the trial of Matai name cases, the High Court shall be guided by the following in the priority listed:

1. The wish of the majority or plurality of the family.

361

2. The forecfulness [sic], character, personality and capacity for leadership of the candidate.

3. The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary, otherwise, the male descendant shall prevail.

4. The value of the holder of the Matai name to the Government of American Samoa."

Each of the candidates filed a petition purporting to be signed by those members of the Vo'a family supporting his candidacy. There were 85 signatures on Moa's petition. Faasa testified, as did Moa, that all of the signatures on the petition for Moa were those of members of the Vo'a family. All of those who signed the petition for Moa were 14 years of age or over. There were also 85 signatures on the petition for Faasa. Ten of the signers on his petition were under the age of 14 years. Due to their youth we think that such ten signers should not be counted inasmuch as we believe that they were too young to have an intelligent wish as to who should be the matai of the family. We did not count signatures of persons under 14 years of age on a similar petition in the case of *Kosi, Tu ea* [*sic*], *Faumuina, and Talili v. Viliamu S.*, No. 77-1948 (A. S.). In that case we said "It is significant that under Sec. 930 (d) of the Code the signers in support of a claimant to a matai title must be over 14 years of age." Moa testified that 83 signers on Faasa's petition were not members of the Vo'a family. Ape, a member of the Vo'a family, also testified to the same effect. Since we shall not consider the ten children under 14 years of age on Faasa's petition it follows, regardless of the contention of Moa with respect to the above 83, that Moa, who has without question 85 family members on his petition, has the support of a majority of the family. Consequently Moa prevails over Faasa on the issue of "the wish of the majority or plurality of the family."

Moa is 69 years of age; Faasa 39. The former completed 5 grades in a mission school, the latter 6 grades. Moa has an income of between $400 and $500 per year from the sale of copra and mats. Faasa has an income of about $300 per year from the sale of like products. Moa has held the matai name Moa for 32 years. Consequently he has had a very long experience in directing the affairs of a matai family and is familiar with the duties of a matai. Faasa is a young man. Moa was the foreman of a stevedoring gang which unloaded ships during the war in Tutuila. He is a carpenter. Faasa worked as a carpenter at Tafuga when the air base was being established there during the war. He also worked as a stevedore. Moa does not speak English. Faasa speaks a little English. The judges observed the personalities of the candidates during the trial. It is our conclusion that everything considered Moa prevails over Faasa on the issue of "forcefulness, character, personality and leadership of the candidate."

The evidence showed that Moa is the blood son of Vo'a Tuuao; that his mother was the daughter of Vo'a Tautala. He has, therefore, one-half Vo'a blood in his veins derived from his father and one-fourth Vo'a blood derived through his mother. Faasa is the blood son of Vo'a Tato. He has one-half Vo'a blood in his veins. In view of the foregoing Moa prevails over Faasa on the issue of hereditary right.

The value of the holder of a matai name to the Government of American Samoa depends largely upon the skill with which he directs the affairs of his family. Since we believe from the evidence and our observation of the candidates that Moa has qualifications for leadership superior to those of Faasa, we conclude that he will be of more value to the Government as the holder of the matai name Vo'a than will Faasa. Since Moa has a larger income due to his own labor than Faasa it is reasonable to expect that he will be better able to assist a member of his family in

need than Faasa. The prosperity of any country depends largely upon the amount of goods produced within it. The more goods a man produces the greater factor he is in promoting the prosperity of his country. We think from the evidence that Moa is more industrious than Faasa and produces more goods. These last mentioned factors fortify our conclusion that Moa will be of more value to the Government as a matai than Faasa.

Since we find that Moa prevails over Faasa on the four issues it follows that he is entitled to be registered as the Vo'a.

However, Moa already holds a matai name. We decided in the case of *Kosi, Tupea, Faumuina & Talili v. Viliamu S.* supra, that under the law the same person cannot hold two matai names at the same time. Hence Moa cannot be registered as the Vo'a unless and until he resigns from the Moa title. He stated to the court that he would do so in the event that he should be awarded the title.

It is ORDERED, ADJUDGED AND DECREED that Moa shall have 15 days next following the date of this decision within which to exercise his privilege of resigning from the Moa title and that upon his filing with the Registrar of Titles such resignation within such 15 days he shall be registered as the Vo'a. The Registrar of Titles will be so advised.

Costs in the amount of $12.50 are hereby assessed against Faasa, the same to be paid within 15 days.